UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:05CV-P209-R

**WILLIE LEE SHAW, JR.**                                                                 **PLAINTIFF**

v.

**DAN BALDWIN**                                                                                **DEFENDANT**

**OPINION**

The plaintiff filed this civil rights action under 42 U.S.C. § 1983. The complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the court will allow the plaintiff's Eighth Amendment claim to proceed but will dismiss all of his remaining claims.

**I. SUMMARY OF CLAIMS**

The plaintiff is currently confined at the Kentucky State Penitentiary ("KSP") and brings this civil rights action against KSP Dentist Dan Baldwin, in both his individual and official capacities. The plaintiff claims that the defendant has been deliberately indifferent to his serious dental needs. He states that his gums are receding, are infected, and bleed; that his teeth are loose; and that he experiences pain. He claims that he has sought treatment but that treatment is repeatedly postponed. He claims that he needs his remaining teeth pulled and to be provided with dentures.

The plaintiff claims that the dentist's failure to provide him with needed dental treatment violates the Eighth Amendment's proscription against the infliction of cruel and unusual punishment, violates the First Amendment right to seek redress for one's grievances, and violates the Fourteenth Amendment's Due Process and Equal Protection Clauses. He seeks monetary and injunctive relief.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain

a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## III.  ANALYSIS

### A.  First and Fourteenth Amendment claims

The plaintiff claims that the defendant's failure to provided needed dental treatment violates his First and Fourteenth Amendments right to the U.S. Constitution.  Beyond these conclusory statements, he does not state how the alleged denial of dental treatment, a prototypical Eighth Amendment claim, violates these amendments.

By filing this action, the plaintiff certainly has not been limited in seeking redress of his grievances, a First Amendment right, as he wishes the court to believe.  If he is trying to set forth a retaliation claim, he must establish the following three elements:  (1) the plaintiff engaged in protected conduct;  (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct;  and (3) there is a causal connection between elements one and two--that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).  Beyond his conclusory statements, he has alleged no causal connection between his denied treatment and the filing of other civil rights actions.

As for the Plaintiff's Fourteenth Amendment claims, he failed to allege an equal protection claim because he failed to allege that he was discriminated against because of his membership in a protected class or that he has been treated differently from those similarly situated. *Jones v. Union County, TN*, 296 F.3d 417, 426 (6th Cir. 2002) (holding that in order to state a claim under the Equal Protection Clause, "Plaintiff must show that she is a member of a

protected class and that she was intentionally and purposefully discriminated against because of her membership in that protected class."); *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (where the Supreme Court "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."). And he failed to allege the deprivation of a life, liberty, or property interest to which due process protections apply. Accordingly, his First and Fourteenth Amendment claims will be dismissed for failing to state cognizable claims.

**B. Eighth Amendment official capacity claim for money damages**

The plaintiff seeks money damages from the defendant in both his individual and official capacity. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58 (1989). Additionally, he Eleventh Amendment bars this court from exercising jurisdiction over this particular claim.[1] Accordingly, the claim for money damages brought against the defendant in his official capacity will be dismissed.

**C. Remaining claim**

The court will allow the plaintiff's Eighth Amendment deprivation of dental treatment claim to proceed against the defendant in his individual capacity to the extent that the plaintiff

---

[1]The Eleventh Amendment provides that "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI.

seeks money damages and in the defendant's official capacity to the extent that the plaintiff seeks injunctive relief in the form of dental treatment.

  The court will enter orders consistent with this opinion.

Date:

cc: Plaintiff *pro se*
   Defendant
   General Counsel, Department of Corrections
   4413.002